UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL MENDOZA CABRERA, *et al.*,<br><br>Defendants. | Case No. CR16-5530 RBL<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS WIRETAP EVIDENCE |

This matter is before the Court on Defendant Saul Mendoza Cabrera's Motion to Suppress Wiretap Evidence. Dkt. #262. Mr. Mendoza Cabrera is charged with one count of Conspiracy to Distribute Controlled Substances (Count 1) for his alleged involvement in a drug trafficking organization (the "Nava DTO"). *See* Dkts. #1 at 1–2, #65 at 1–2, and #158 at 1–2. Before bringing charges against Mr. Mendoza Cabrera, the government applied for a court order authorizing it to intercept the wire communications of telephone numbers (253) 289-4831 ("TT28") and (206) 753-8350 ("TT39"); the government supported this application with the affidavit of Drug Enforcement Administration ("DEA") Special Agent ("SA") Anthony D. DelVecchio. *See* Dkt. #262, Ex. 1. The Honorable Ronald B. Leighton granted the requested

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS WIRETAP EVIDENCE - 1

wiretap order. Mr. Mendoza Cabrera now argues SA DelVecchio's affidavit did not establish necessity, as required by Title 18, United States Code, Section 2518, because, when the request was made, the government had "ample other investigative opportunities available to gain whatever information it felt was missing." *Id*. at 7. The government disagrees, and argues that SA DelVecchio's affidavit established the requisite necessity and the Court did not abuse its discretion in making this determination and authorizing the requested wiretap. Dkt. #268 at 2, 9–13. Because a different district court judge must decide a motion to suppress wiretap evidence, Mr. Cabrera's motion to supress was referred to this Court. *See United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017) ("A different district court judge must decide any motion to suppress wiretap evidence, creating a second level of review in the district court."); *also* Dkt. #272. For the reasons discussed herein, the Court agrees with the government and DENIES Mr. Mendoza Cabrera's motion.

In limited situations, Title III of the Omnibus Crime Control and Safe Streets Act (the "Act") permits law enforcement officers to use wiretaps. *Rodriguez*, 851 F.3d at 937 (citing 18 U.S.C. §§ 2510–2522). However, Section 2518(1) of the Act requires law enforcement officials to apply for a court order to use wiretaps; Section 2518(1) sets forth the statutory requirements each application must satisfy. *Id*. Amongst other requirements, an application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." § 2518(1)(c). A law enforcement official's sworn affidavit may satisfy this requirement. *Rodriguez*, 851 F.3d at 937. If an application meets Section 2518(1)'s requirements, one determination a judge must then make is whether, based on the facts submitted by an applicant, "normal investigative procedures have been tried and have reasonably failed or reasonably appear

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS WIRETAP EVIDENCE - 2

to be unlikely to succeed if tried or to be too dangerous." § 2518(3)(c). "Taken together, §§ 2518(1)(c) and (3)(c) require a showing of necessity before a district court can issue a wiretap order." *United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988). Wiretap evidence may be suppressed if a reviewing court determines this evidence was obtained in violation of the Act. *Rodriguez*, 851 F.3d at 937 (citing 18 U.S.C. § 2515).

When reviewing a defendant's challenge to a court's issuance of an order authorizing a wiretap, reviewing district courts must conduct a two-step review. *Id.*, at 937–38 ("[D]istrict courts should apply the Ninth Circuit's two-step approach when considering a motion to suppress wiretap evidence."). Under this two-step review the reviewing court must first review, de novo, whether the application for a wiretap contains a full and complete statement of facts as required by Section 2518(1)(c). *Id.* at 938 (citing *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111–12 (9th Cir. 2005)). If the reviewing court determines an application meets this requirement, it must then "review for 'abuse of discretion the issuing judge's conclusion that the wiretap was necessary.'" *Id.* (quoting *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008)). "Only the evidence presented within the four corners of the wiretap application can be used to evaluate necessity." *Gonzalez, Inc.*, 412 F.3d at 1112.

Here, Mr. Mendoza Cabrera makes little attempt to explain why the government's wiretap application does not satisfy Section 2518(1)(c). *See* Dkt. #262 at 7–8. Mr. Mendoza Cabrera merely concludes SA DelVecchio' affidavit fails to meet the necessity requirement because the government "failed to exhaust the ample other investigative techniques" it allegedly had at its disposal. *Id.* Notably, although Mr. Mendoza Cabrera contends the government could have arrested Nava DTO members, searched the homes of Nava DTO members, or subpoenaed

documents and grand jury testimony, he fails to explain why the explanations provided by SA DelVecchio regarding these investigative techniques do not satisfy Section 2518(1)(c). *Id*. at 7.

Upon *de novo* review of SA DelVecchio's affidavit, the Court finds the government's application for a wiretap contained "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). In his affidavit, SA DelVecchio details ten procedures used, and four procedures not used, to investigate the Nava DTO. *See* Dkt. # 262, Ex. 1 at 58–107. SA DelVecchio explained the limitations posed by each procedure used and why continued use of those procedures alone was unlikely to meet the government's ultimate objectives. Besides detailing these procedures, SA DelVecchio also explained why the investigative techniques not used (undercover officers, buy-bust operations and arrests, interviews, and grand jury subpoenas) were unlikely to succeed or were too dangerous. *See* Dkt. #262, Ex. 1 at 88, 92–94, 99–100, 102–03. The Court thus finds SA DelVecchio's affidavit satisfies Section 2518(1)(c).

The Court also finds that the issuing court did not abuse its discretion in finding the requisite necessity to warrant the issuance of a wiretap order. To determine if the issuing judge properly determined the need for a Title III wiretap, the Court must use "a 'common sense approach' to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success." *Christie*, 825 F.3d at 1068 (quoting *Gonzalez, Inc.*, 412 F.3d at 1112). Additionally, issuing judges are given "'considerable discretion in finding necessity, particularly when the case involves the investigation of a conspiracy,' so our standard of review is deferential." *Rodriguez*, 851 F.3d at 944 (internal citations omitted). Considering SA DelVecchio's affidavit, along with

the government's objective of identifying the scope of the Nava DTO in order to dismantle it, the Court finds the issuing judge did not abuse his discretion in finding the requisite necessity to authorize the government's requested wiretap.

Having reviewed Mr. Mendoza Cabrera's motion, the government's opposition thereto, and the remainder of the record, the Court hereby finds and ORDERS Mr. Mendoza Cabrera's Motion to Suppress Wiretap Evidence (Dkt. #262) is DENIED.

DATED this 6th day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE